The next case called and the last oral argument case called on today's docket is People v. Addison. Counsel, whenever you're ready, you may proceed. May it please the Court, Counselor? My name is Lawrence O'Neill and I represent the appellant Herman Addison in this case. This appeal is from the trial court's dismissal of Mr. Addison's petition for post-court relief from judgment. I ask this Court to reverse the trial court's dismissal order and vacate Mr. Addison's sentence and conviction for the Class 4 felony offense of domestic battery and impose a Class A misdemeanor conviction and sentence for the offense. Following the jury trial, Mr. Addison was found guilty of domestic battery's subsequent offense. The domestic battery charge was enhanced from a Class A misdemeanor to a Class 4 felony because Mr. Addison had previously been convicted of aggravated battery in 2005. In this appeal, Mr. Addison argues that the trial court did not have the authority to enter judgment and sentence him to a Class 4 felony where there was no evidence that the predicate aggravated battery conviction was committed against a family or household member. The relevant sentencing provision of the domestic battery statute provides that domestic battery is a Class A misdemeanor. However, it is a Class 4 felony if the defendant has a prior aggravated battery conviction when that offense has been committed against a family or household member. Before imposing sentence, the trial court found that the 2005 aggravated battery conviction Mr. Addison had struck Kathy Ross with a tire iron. However, in either the charging instrument or the evidence presented at sentencing was Mr. Addison's relationship with Kathy Ross demonstrated. Specifically, there was no evidence that Kathy Ross was a family or household member of Mr. Addison. Therefore, the prior aggravated battery conviction does not qualify as a predicate offense enhancing the charged domestic battery to a felony. As such, the judgment is void because the trial court did not have the authority to enter a felony conviction. However, the evidence at trial was sufficient for the jury to have found Mr. Addison guilty of the Class A misdemeanor version of domestic battery. Thus, the proper remedy for this court is to vacate the felony conviction and sentence and enter a conviction and imposed sentence on the Class A misdemeanor version of domestic battery. As a final matter, in November of 2015, the Illinois Supreme Court and people be cast as Castleberry abolished the void sentencing rule, which had permitted defendants to challenge sentences as void in any proceeding at any time. However, Castleberry's abolishment of the void sentencing rule does not apply to this case. In my briefs, I argued that Castleberry does not apply retroactively to the incident to this case because Mr. Addison's case was final at the time Castleberry was announced and was a collateral as a collateral proceeding. Let me ask you about the issue of a void sentence. Isn't this sentence allowed by the statute? Only if the predicate offense is established is established. Generally speaking, but didn't the trial court find that it had been established? Based upon a 2005 aggravated battery conviction that did not include the requirement under the statute that aggravated battery conviction be committed against a family or household member. Well, my question is when you're arguing about what's essentially the proof, is that a void sentence? Yes, Your Honor. How is that a void sentence? Because the trial court is only authorized by the statute to impose a class four felony conviction if there was prior aggravated battery and it was committed against a family or household member. Because the proof did not show, there was no evidence that the aggravated battery conviction was committed against a family or household member. The statutory requirement that the aggravated battery must be committed against a family or household member was not established. Therefore, the trial court did not have the authority to impose a sentence because the statutory requirement of a family or household member was not established. I have another question for you. On July 1st of last year, after this court remanded the 1401 petition, but before the circuit court issued the ruling that you are appealing on the 1401 petition, your client filed a pro se petition for habeas corpus raising this same issue. And my question is, was that ruled on or is that still pending in the circuit court? Your Honor, I'm not sure. I believe it's still pending, but I'm not sure. How does that affect this case? Because this case is a separate matter. It's a petition for relief from judgment. In that case, it was properly filed and ruled upon by the trial court. And that is the issue that's pending. Has it been ruled on? That's my question. Well, not the habeas corpus. I can't say that for sure. It's a different proceeding, Your Honor. It's a different proceeding, the federal habeas corpus petition from this petition for relief from judgment. This petition for relief from judgment is a separate pleading, a separate matter. It is separately ruled on and is properly before this court. Irrespective of the habeas corpus petition, which, again, I'm not really too sure if that has been ruled on or not. But my answer to you, Your Honor, would be that that habeas corpus petition does not affect the outcome of this case. Regarding Castleberry, I argued in my brief that Castleberry does not apply retroactively to this case because Mr. Absinthe's case was final at the time Castleberry was announced. Thus, under the general rule that appellate decisions apply only to cases pending in the trial court or on direct appeal, Castleberry's abolishment of the void sentencing rule does not apply here. Further, I argued that the Teague exceptions to the general bar against retroactive application of new rules does not apply. However, there is a better reasoned approach to finding that Castleberry does not apply retroactively to this case that this court should follow. This reason comes from the recent First District appellate court decision in People v. Smith, which was added as authority to this case after the briefs were filed. The defendant in Smith filed a motion for leave to file a successive post-conviction petition in which he alleged that the extended term portion of his sentence was void. Smith appealed the denial of his motion for leave to file a successive petition. And like I have argued here in my briefs, appellate counsel in Smith argued that Castleberry announced a new rule but does not apply retroactively because the Teague exceptions do not apply. However, the Smith court took a different approach to the Teague question than I argued and than what appellate counsel in Smith argued. The Smith court stated that the determination of whether retroactive application of Castleberry is warranted turns upon whether the case announces a new rule or merely expands upon a preexisting rule. Teague's exceptions that allow retroactive application apply only to decisions that announce new rules. Thus, if the decision does not announce a new rule, Teague and its exceptions do not apply, and the general rule that prohibits the retroactive application of appellate decisions is in effect. Smith found that Castleberry does not announce a new rule but merely abolished the void sentence rule established in Arna. Further, the Smith court then held, because Castleberry did not announce a new rule, it cannot be applied retroactively. Castleberry only applies prospectively from the date of its pronouncement. Therefore, the court found that Smith had the right to challenge his void sentence. I urge this court to follow the well-reasoned opinion in Smith and find that Castleberry does not apply retroactively to this case because Castleberry did not announce a new rule. Therefore, Castleberry does not bar this case from vacating Mr. Anderson's void class 4 felony conviction and sentence. And thus, I ask this court to vacate that class 4 felony conviction and reduce it to a class A misdemeanor conviction of the version of the domestic battery statute. Thank you, counsel. Thank you, counsel. May it please the court, counsel. I'm Luke McNeal. I represent the people in this case. The only issue here is whether the defendant filed this as a 214-01 petition for relief from judgment, whether this issue was forfeited for failing to raise this at any point prior in the proceedings. The defendant waited more than three years to file this issue. He failed to raise it at the – he could have even, I suppose, objected to the charging instrument if he wanted, but he at least was there for the sentencing hearing. He didn't object there. He failed to raise this issue in a post-sentencing motion. He failed to raise this issue on direct appeal. And maybe most tellingly, he failed to raise this issue in his first 14-01 petition, which was filed in 2013. So clearly, if we can stop the analysis right there, the trial court had all the ammunition it needed to properly dismiss the defendant's petition as untimely and for failure to demonstrate due diligence, which is required by the 14-01 statute and the well-settled case law that applies to the 14-01 petitions. What about Mr. O'Neill's argument that it's void? Is it void? Do you have an argument that it's not void? His sentence is not void pursuant to People v. Castleberry. As Your Honor, I think, was trying to get to, it's pretty clear that this was sort of finagled into a void sentence argument to try to jump the hurdles of 14-01 forfeiture or the procedural bars of 14-01. Because before Castleberry, of course, the void sentencing rule was most commonly used to raise these unpreserved sentencing arguments. And clearly, that's what this case was. So the question becomes whether Castleberry applies to this case, whether it's retroactive or not. The general rule, in contrast to what defense counsel says, the general rule from the Illinois Supreme Court, which I cited in Dietsch-Mueller, is that judicial decisions are given retroactive as well as prospective effect. They analyze that by they have the inherent power to decide if this decision will be given only prospective application if retroactive application would be inequitable. Inequitable is an important word in this case. And finally, the language of a case, if it's only supposed to apply prospectively, the Supreme Court will express the state. So in the opinion, Castleberry has no language of it only being applied prospectively. More importantly, it would be inequitable to only apply Castleberry prospectively instead of retroactively. The equitable thing to do here is to apply Castleberry to all defendants that are similarly situated, mainly from a logical, real-world standpoint. Defendants didn't rely on the void sentencing rule. They never relied at sentencing, oh, they maybe hear a sentencing error. Oh, we don't need to preserve that. We can just raise it at any point in the future due to the void sentencing rule. That's, of course, not how the legislature or the courts intended the void sentencing rule to work. So the defendants before and after Castleberry, both sets of defendants, nobody relied on the void sentencing rule. Therefore, no defendants are being hung out to dry based on Castleberry. What about my question about the statutory authority? Did the court have the statutory authority to enter this sentence? Well, that would, of course, depend on whether there was the evidence of what was the family member, the prior. Is that a matter of proof or is that a matter of statutory authority? That issue really wasn't briefed from that angle in this case. So I wouldn't know, but I do know that the trial court found that there was or at least accepted the state's offer that the prior aggravated battery was sufficient. So that was the finding of the court? Yes. I will agree with defense counsel that on the record there is no specific mention of this Kathy Ross being a family member or household member. Defendant presents no cases of that really on point of that being completely necessary as far as statutory authority for the trial court to enter this sentence. But even assuming error, it's still clear that based on pursuing Castleberry and the relevant case law after Castleberry that the trial court at least had the jurisdiction to enter the sentence, which is what is important as far as Castleberry analysis is concerned. I say that because as the defendant mentioned, People v. Smith, the first district case, there's also a similar case, almost identical factually to the present case in the second district called People v. Brown, which I moved aside as additional authority. In that case, just like this one, we had a defendant that failed to preserve this issue, failed to raise this issue in a 1401 petition within the statutory two year time period, and the second district affirmed the dismissal of that petition pursuant to Castleberry. And in both Brown and this case, their convictions were prior to Castleberry. So clearly Castleberry has the perspective or retroactive application. Even more importantly, I also cited People v. Thompson, which is an Illinois Supreme Court case. It cites Castleberry as a way to affirm the dismissal of another untimely 1401 petition. So clearly not only does the second district believe that Castleberry applies retroactively, the Illinois Supreme Court itself agrees that Castleberry applies retroactively, and there's still no equitable or public policy excuse for Castleberry to not apply retroactively. There's no language in Castleberry that says it only applies prospectively, and the inequitable position would be to actually only apply Castleberry prospectively. We have two defendants, one convicted in December 2014, one convicted in 2015, sharing a cell. It would be inequitable for Castleberry to only apply prospectively. Those two defendants, similarly situated, were separating those two into a class that can raise these unpreserved sentencing issues. The guy that got convicted prior to Castleberry, he can raise these unpreserved sentencing issues at any point in his lifetime due to this void sentencing rule. Whereas the defendant, similarly situated, convicted after Castleberry doesn't have that convenience. So clearly, based on the equitable analysis, which each mule of the Supreme Court does, based, prospective, and retroactive application, based on the equitableness of it, here the equitable application is to apply it both prospectively and retroactively. So even if the court erred in failing or in dismissing this petition based as untimely, it was still forfeited. It didn't raise to the procedural, didn't clear the procedural hurdles of 1401. A great quote from Thompson. Pursuant to Castleberry, they cited Castleberry in this paragraph, this type of challenge is not one of those recognized by this court as being exempt from the typical rules of forfeiture and procedural bars in section 214.01 of the code. That's directly applicable to the present case, and that's the Illinois Supreme Court applying Castleberry itself. So it's clear that it applies in cases like this. If there are no more questions, I thank the court. I believe there are. Thank you. Thank you. Counsel? Regarding counsel's argument that this issue is forfeited, again, I argue that the judgment and the conviction and sentence are void. So the two-year limitation period does not apply to a petitioner that challenges the judgment on voidness grounds, as that could be erased in any proceeding at any time. Further, I disagree with counsel's claim that a new decision could be applied prospectively or retroactively in some circumstances, of course. But the general rule is that appellate decisions only apply to cases pending in the trial court or on direct appeal unless one of the two Teague exceptions apply, which we don't have here. As to the second district's recent case in People v. Brown, counsel is correct that the trial court found that the decision in Castleberry bars the void argument of the defendant in Brown. However, the defendant in the appellate court did not consider the retroactivity of Castleberry in that case. As far as I understand, the only decision that considered whether Castleberry applies retroactively is the Smith case that I had discussed. And the same can be said for the Supreme Court's decision in People v. Thompson, which came out after Castleberry. Of course, the Thompson court referred to Castleberry, but significantly, the defendant in Thompson did not argue that his sentence was void. He argued that his naturalized sentence was unconstitutional under Miller as applied to him. The question, moreover, the question of whether Castleberry applies retroactively was not considered in Thompson either. So I am arguing that the judgment and conviction on the class 4 felony is void and that Castleberry does not apply retroactively. And therefore, this court could, it sounds somewhat awkward to say, but I'm asking this court to apply the armor rule on the void judgment because Castleberry does not apply retroactively to this case. And I urge this court to find that the conviction and the sentence are void and that Castleberry does not apply retroactively to this case. Are there any other questions, Your Honor? I don't believe there are. Thank you, Counsel. Thank you. We appreciate the briefs and arguments from counsel to take the case under advisement. There are no further oral arguments scheduled before the court, so we are adjourned. All rise.